**FILED**
CLERK, U.S. DISTRICT COURT

9/12/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JB_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PRISCILLA HURTADO-GOMEZ and CARLOS MANUEL MARISCAL,<br><br>　　　　Defendants. | CR　2:25-cr-00754-FMO<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 26 U.S.C. § 5861(d): Possession of Unregistered Firearm Silencers; 26 U.S.C. § 5861(i): Possession of Firearm Silencers Without a Serial Number; 18 U.S.C. § 924, 21 U.S.C. § 853, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT HURTADO-GOMEZ]

On or about January 22, 2025, in Los Angeles County, within the Central District of California, defendant PRISCILLA HURTADO-GOMEZ knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1 kilogram, of a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT MARISCAL]

On or about January 22, 2025, in Los Angeles County, within the Central District of California, defendant CARLOS MANUEL MARISCAL knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 5.74 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT MARISCAL]

On or about January 22, 2025, in Los Angeles County, within the Central District of California, defendant CARLOS MANUEL MARISCAL knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

1.    22 rounds of Fiocchi 9mm Luger caliber ammunition;

2.    11 rounds of CCI/SPEER 9mm Luger caliber ammunition;

3.    ten rounds of Winchester 9mm Luger caliber ammunition;

4.    one round of Poongsan Corporation 9mm Luger caliber ammunition;

5.    one round of Sig Sauer 9mm Luger caliber ammunition; and

6.    one round of Freedom Munitions 9mm Luger caliber ammunition.

Defendant MARISCAL possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession of an Assault Weapon, in violation of California Penal Code Section 12280(b), in the Superior Court of the State of California, County of Los Angeles, Case Number BA309662, on or about July 11, 2007;

2.    Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number VA113086, on or about February 11, 2010; and

3.    Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of

4

the State of California, County of Los Angeles, Case Number VA156159, on or about January 23, 2020.

COUNTS FOUR AND FIVE

[26 U.S.C. § 5861(d)]

[DEFENDANT MARISCAL]

On or about January 22, 2025, in Los Angeles County, within the Central District of California, defendant CARLOS MANUEL MARISCAL knowingly possessed firearms, as set forth below, each of which defendant MARISCAL knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which had not been registered to defendant MARISCAL in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|-------|-------------|
| FOUR | A firearm silencer approximately 5 and 7/8 inches in length and approximately 1 and 3/8 inches in diameter, bearing no markings and no serial number |
| FIVE | A firearm silencer approximately 5 and 7/8 inches in length and approximately 1 and 5/16 inches in diameter, bearing no markings and no serial number |

COUNTS SIX AND SEVEN

[26 U.S.C. § 5861(i)]

[DEFENDANT MARISCAL]

On or about January 22, 2025, in Los Angeles County, within the Central District of California, defendant CARLOS MANUEL MARISCAL knowingly possessed firearms, as set forth below, each of which defendant MARISCAL knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which were not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| SIX | A firearm silencer approximately 5 and 7/8 inches in length and approximately 1 and 3/8 inches in diameter, bearing no markings and no serial number |
| SEVEN | A firearm silencer approximately 5 and 7/8 inches in length and approximately 1 and 5/16 inches in diameter, bearing no markings and no serial number |

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a)

cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Three of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Four through Seven of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MATTHEW TANG
Assistant United States Attorney
General Crimes Section